**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LEXIDINE, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>       Defendant. | Civil Action No. 2:25-cv-00169<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lexidine, LLC ("Lexidine" or "Plaintiff") files this Complaint against Defendant Ford Motor Company ("Ford" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action against Defendant for infringement of U.S. Patent No. 7,609,961 (the "'961 patent" or "Asserted Patent"), issued by the United States Patent and Trademark Office ("USPTO"), a copy of which is attached hereto as **Exhibit A** (with *Ex Parte* Reexamination Certificate).

2. The '961 patent was subject to Reexamination Request No. 90/020,131, dated February 20, 2020. The USPTO issued an *Ex Parte* Reexamination Certificate for the '961 patent on August 22, 2022 (the "Reexam Certificate"). That Reexam Certificate confirmed the patentability of original claims 19-22, determined that original claim 1 was patentable as amended, determined that claims 2-11, which are dependent on amended original claim 1, were patentable, and determined that new claims 24-80 were patentable.

3. Plaintiff seeks monetary damages and injunctive relief.

## PARTIES

4. Lexidine is a limited liability company organized and existing under the laws of the State of Oklahoma and maintains its principal place of business at 121 NE 52nd St., Suite 215, Oklahoma City, Oklahoma 73105 (Oklahoma County).

5. Lexidine is the owner of the Asserted Patent with all rights to recover for all past, present, and future infringement, including past damages.

6. Upon information and belief based upon public information, Ford is a corporation organized and existing under the laws of the State of Delaware

7. Upon information and belief based upon public information, Ford has its a principal place of business at One American Road, Dearborn, Michigan, 48126-2701.

8. Upon information and belief based upon public information, Ford may be served with process through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite. 900, Dallas, Texas, 75201-3136.

9. Upon information and belief, Ford has a business location in this Judicial District at 5700 Granite Parkway, Suite 1000, Plano, Texas 75024.[1]

10. Ford has described its office described in Paragraph 9 as "its Central Market Area Office" and "the principal office of Ford in the State of Texas," where "the decision makers for [Ford] within this state conduct the daily affairs of the organization." *Ford Motor Co. v. Johnson*, 473 S.W. 3d 925, 927 (Tex. App. 2015).

---

[1] *See Granite Park Directory*, GRANITEPARK (last visited Jan. 3, 2025), https://www.granitepark.com/directory/.

## JURISDICTION AND VENUE

11. Lexidine repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

12. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

13. Defendant is subject to this Court's specific and general personal jurisdiction due at least to its substantial business in this forum, including (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

14. Specifically, Defendant intends to and do business in, and has committed acts of infringement in this District, in this State of Texas, and in the United States, directly, through intermediaries, by contributing to and through its inducement of third parties, and offering its products or services, including those accused of infringement here, to customers and potential customers located in this District.

15. Defendant has purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Defendant regularly sells (either directly or indirectly), its products within this District. Defendant is subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to its substantial and pervasive business in this State and District, including its infringing activities alleged herein, from which Defendant derives substantial revenue from goods sold to residents and consumers.

16. Defendant sells, offers for sale, uses, makes and/or imports products that are and have been used, offered for sale, sold, and purchased in the Eastern District of Texas, and Defendant has committed acts of infringement in the Eastern District of Texas, has conducted business in the Eastern District of Texas, and/or has engaged in continuous and systematic activities in the Eastern District of Texas.

17. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c), because, on information and belief, Ford has committed acts of infringement and has a regular and established place of business in this Judicial District. *See* ¶¶ 9-10, *supra*.

## THE ACCUSED PRODUCTS

18. Lexidine repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

19. Defendant uses, causes to be used, manufactures, provides, supplies or distributes one or more Center High-Mounted Stop Lamp Cameras ("CHMSL Cameras"), as shown below, sold as OEM or replacement parts and as installed as an option or standard on at least the various Ford model and year vehicles listed at **Exhibit B** (the "Accused Products"):



**Figure 1**: source : https://www.ford.com/trucks/f150/f150-lightning/models/f150-flash/



**Figure 2**: source: https://www.ford.com/trucks/f150/2024/models/f150-raptor/



**Figure 3:** source: https://www.youtube.com/watch?v=Zbm44fDvSB0



Figure 4: source: https://www.youtube.com/watch?v=mZV3j9638IU



Figure 5: Picture of Ford Center High-Mounted Stop Lamp Camera.



**Figure 6**: Picture of Ford Center High-Mounted Stop Lamp Camera



**Figure 7**: Picture of Ford Center High-Mounted Stop Lamp Camera



**Figure 8**: Picture of Ford Center High-Mounted Stop Lamp Camera



**Figure 9**: Picture of Ford Center High-Mounted Stop Lamp Camera



**Figure 10**: Picture of Ford Center High-Mounted Stop Lamp Camera



**Figure 11**: Picture of Ford Center High-Mounted Stop Lamp Camera

**COUNT I: <u>INFRINGEMENT OF U.S. PATENT NO. 7,609,961</u>**

20. Lexidine repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

21. The USPTO issued the '961 patent on October 27, 2002, after a full and fair examination of Application No. 11/401,405 which was filed on April 11, 2006. *See* <u>Exhibit A</u> at A-1.

22. The USPTO issued an *ex parte* Reexamination Certificate for the '961 patent on August 22, 2022, after a full and fair examination of Application No. 90/020,131, which was filed on February 20, 2020. *See* <u>Exhibit A</u> at A-11 to A-15.

23. Lexidine owns all substantial rights, interest, and title in and to the '961 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers, and to collect damages for all relevant times.

24. Lexidine or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '961 patent.

25. The claims of the '961 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of cameras and their integration into brake light enclosures to minimize their appearance.

26. The written description of the '961 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention. The '961 patent also identifies and circumscribes all information necessary for a

skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

27. Defendant has directly infringed one or more claims of the '961 patent by making, having made, using, testing, providing, supplying, distributing, selling, marketing, offering to sell, and/or importing the Accused Products identified above.

28. Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1, as detailed in **Exhibit C** to this Complaint (Evidence of Use Regarding U.S. Patent No. 7,609,961).

29. For example, Defendant has infringed at least claim 1 by making, using, offering to sell, selling, and/or importing the Accused Products, which comprise a vehicle camera. *See* Exhibit C. The Accused Products further comprise a vehicle lens of an external light for a vehicle light, the vehicle lens having an internal reflector surface and a translucent area of a predetermined color for allowing light transmission therethrough of the predetermined color and having an opening in the translucent area of the vehicle lens. *Id.* The Accused Products further comprise the vehicle lens having a slanted surface in close proximity to the opening in the vehicle lens. *Id.* The Accused Products further comprise a camera body within the vehicle lens having a viewing axis through the opening. *Id.* The Accused Products further comprise a base attached to the vehicle lens, wherein the viewing axis is at an angle between about 15 to 75 degrees with respect to a plane of the base. *Id.* The Accused Products further comprise a camera assembly that includes at least the camera body, a camera lens, and a transparent camera lens cover. *Id.* The Accused Products further comprise wherein the camera body houses a camera comprised of optoelectronic components. *Id.* The Accused Products further comprise wherein at least a portion of the camera assembly is outside the opening in the vehicle lens. *Id.* The Accused Products further comprise

wherein the camera assembly and camera body are fixed in position with respect to the vehicle lens. *Id.*

30. Defendant has also indirectly infringed the '961 patent by inducing others to directly infringe the '961 patent. Defendant has induced distributors and end-users, including, but not limited to, Defendant's employees, partners, contractors, or customers, to directly infringe, either literally or under the doctrine of equivalents, the '961 patent by providing or requiring use of the Accused Products. Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '961 patent, including, for example, claim 1. Such steps by Defendant includes, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant has performed these steps, which constitute induced infringement with the knowledge of the '961 patent and with the knowledge that the induced acts constitute infringement. Defendant has been aware that the normal and customary use of the Accused Products by others would infringe the '961 patent.

31. Defendant has also indirectly infringed by contributing to the infringement of the '961 patent. Defendant has contributed to the direct infringement of the '961 patent by its personnel, contractors, distributors, and customers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '961 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '961 patent and are not staple articles of commerce suitable for substantial non-infringing use.

32. Defendant has had knowledge of the '961 patent at least as of the date it was notified of the filing of this action.

33. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing their employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

34. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by them.

35. Since at least the time of receiving this Complaint, Defendant's direct and indirect infringement of the '961 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

36. Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

37. Lexidine has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Lexidine has and will continue to suffer this harm by virtue of Defendant's infringement of the '961 patent. Defendant's actions have interfered with and will interfere with Lexidine's ability to license technology. The balance of hardships favors Lexidine's ability to commercialize its own ideas and technology. The public interest in allowing Lexidine to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

38. Plaintiff hereby requests a trial by jury on all issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Lexidine requests that the Court find in its favor and against Defendants, and that the Court grant Lexidine the following relief:

(a) Judgment that one or more claims of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendant or all others acting in concert therewith;

(b) A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the claims of the Asserted Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patent by such entities;

(c) Judgment that Defendant accounts for and pays to Lexidine all damages to and costs incurred by Lexidine because of Defendant's infringing activities and other conduct complained of herein;

(d) Judgment that Defendant's infringement be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(e) Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

(f) That this Court declare this an exceptional case and award Lexidine its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

(g) All other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: <u>February 12, 2025</u> | Respectfully submitted,<br><br>*/s/ James F. McDonough, III*<br><br>James F. McDonough, III *<br>**ROZIER HARDT MCDONOUGH PLLC**<br>659 Auburn Avenue NE, Suite 254<br>Atlanta, Georgia 30312<br>Telephone: (404) 564-1866<br>Email: jim@rhmtrial.com<br><br>Jonathan L. Hardt (TX 24039906) *<br>**ROZIER HARDT MCDONOUGH PLLC**<br>712 W. 14th Street, Suite A<br>Austin, Texas 78701<br>Telephone: (210) 289-7541<br>Email: hardt@rhmtrial.com<br><br>C. Matthew Rozier (CO 46854) *<br>Kenneth A. Matuszewski (IL 6324308) *<br>**ROZIER HARDT MCDONOUGH PLLC**<br>1500 K Street, 2nd Floor<br>Washington, District of Columbia 20005<br>Telephone: (404) 779-5305; (202) 316-1591<br>Telephone: (202) 217-0575<br>Email: matt@rhmtrial.com<br>Email: kenneth@rhmtrial.com |

*Attorneys for Plaintiff LEXIDINE LLC*

\* Admitted to the Eastern District of Texas

**Exhibits**
   A. U.S. Patent No. 7,609,961 (includes Re-examination Certificate)
   B. Ford Vehicles with CHMSL Camera
   C. Evidence of Use Regarding U.S. Patent No. 7,609,961

**Attachments**
- Civil Cover Sheet
- Proposed Summons